IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS BUNN | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv147 |
| UNKNOWN LANE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Thomas Bunn, an inmate confined at the Federal Correctional Complex located in Beaumont, Texas, proceeding *pro se*, brought the above-styled action.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff submitted an application to proceed *in forma pauperis* in this action. A review of the application revealed plaintiff should pay an initial partial filing fee. Accordingly, on June 1, 2022, plaintiff was ordered to pay an initial partial filing fee of $2.00 within thirty (30) days. Plaintiff had a balance of $7.67 in his prisoner account. Plaintiff was notified he would thereafter be required to pay the balance of the $350.00 filing fee.

Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

As of this date, plaintiff has not paid the initial partial filing fee as ordered. Plaintiff subsequently submitted a notice to the court that he lacked sufficient funds to pay the initial partial filing fee. However, as set forth above, plaintiff had sufficient funds to pay the initial partial filing fee at the time of his application. Plaintiff has not submitted a current statement of his inmate trust

account nor has he otherwise explained the expenditure of his funds. Therefore, plaintiff has failed to diligently prosecute this action. Accordingly, this case should be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

## Recommendation

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 18th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge